1 | MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
2 | JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
3 | SUNNY S. HUO (State Bar No. 181071)
ssh@severson.com
4 | SEVERSON & WERSON
A Professional Corporation
5 | One Embarcadero Center, Suite 2600
San Francisco, CA  94111
6 | Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439
7 |
8 | Attorneys for Defendant
Bank of America, N.A.

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 |

12 | MARY B. LABRADOR, individually and on
behalf of all others similarly situated,

Case No.:

13 | Plaintiff,

**NOTICE OF REMOVAL UNDER
THE CLASS ACTION FAIRNESS ACT
[28 U.S.C. §§1332(d), 1453(b)]**

14 | vs.

15 | BANK OF AMERICA, N.A.,

16 | Defendant.

17 |

18 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19 | PLEASE TAKE NOTICE that, under the Class Action Fairness Act (28 U.S.C.

20 | §§1332(d), 1453(b)), defendant Bank of America, N.A. ("BofA") hereby removes to this Court

21 | the state court action described below:

22 | **The Removed Action**

23 | 1.      On December 17, 2007, plaintiff Mary B. Labrador commenced this action,

24 | entitled, Mary B. Labrador, individually and on behalf of all others similarly situated, plaintiff v.

25 | Bank of America, N.A., defendant, No. CGC-07-470128 in the Superior Court of the State of

26 | California for the City and County of San Francisco.

27 |

28 |

2.      BofA first received a copy of the complaint in this action on December 20, 2007 when BofA's agent for service of process was served with a copy of the complaint and summons in the action.

3.      As required by 28 U.S.C. § 1446(a), BofA has attached as Exhibit A true and correct copies of the complaint, the summons, the Notice to Plaintiff, and Labrador's declaration pursuant to Civil Code section 1780, which constitute all process, pleadings and orders served on BofA in the action.

**Basis For Removal**

4.      This action is a civil class action of which this Court has original jurisdiction under 28 U.S.C. §1332(d) and is one which may be removed to this Court by BofA pursuant to 28 U.S.C. §§1441(a) and 1453(b).

5.      The action is a class action within the meaning of 28 U.S.C. §1332(d)(1)(B). Paragraph 36 of the complaint alleges that Labrador brings the action on her own behalf and, pursuant to California Civil Code section 1780 and Code of Civil Procedure section 382, on behalf of a class of all "elders" within California who obtained reverse mortgages from BofA or its alleged predecessor-in-interest during the past four years and who were charged an origination fee some or all of which was paid to an originating mortgage broker to whom BofA or its alleged predecessor-in-interest also paid a correspondent fee or similar fee. Civil Code section 1770 and Code of Civil Procedure section 382 are similar to Federal Rule of Civil Procedure 23 and allow one or more representative persons sue on behalf of others as a class action.

6.      A member of the class is a citizen of a state different from that of defendant.

a.      BofA is informed and believes that Labrador was, and still is, a citizen of the State of California. Paragraph 7 of the complaint alleges that she lives in the City and County of San Francisco.

b.      BofA is informed and believes that one or more other members of the alleged plaintiff class are citizens of the State of California. Paragraph 36 of the complaint defines the class as "elders" in California.

- 2 -

c.    BofA is a national banking association and a citizen of the State of North Carolina only as that is the location of its main office as specified in BofA's charter. 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006).

7.    The matter in controversy in this action exceeds the sum or value of $5 million, exclusive of interest and costs, when the claims of all class members are aggregated as provided in 28 U.S.C. §1332(d)(6).

a.    The complaint does not allege an aggregate amount in controversy or pray for the award of any stated total sum on behalf of the class.  The complaint does not allege that the aggregate amount in controversy is less than $5 million.

b.    Paragraph 71 of the complaint alleges that Labrador seeks an award of $5,000 in statutory penalties for each "senior citizen" class member under California Civil Code section 1780.  Paragraph 38 of the complaint alleges that Labrador "reasonably estimates that Class members may number into the thousands or even the tens of thousands."  Considering only the statutory penalties sought, the amount in controversy will exceed $5 million if there are only 1,001 class members.

c.    Business records in BofA's possession show that during the one-year period including plaintiff Labrador's loan (i.e., from September 2005 through August 2006), Seattle Mortgage Company made HECM reverse mortgage loans to approximately 2,200 persons in California who fit the class definition alleged in the complaint (i.e., were charged an origination fee and a correspondent fee was paid) and were "senior citizens" for purposes of Civil Code sections 1761(f) and 1780(b)(1) (i.e., 65 years or older).

d.    In addition to statutory penalties, Labrador seeks return of the $7,255 origination fee which she claims was improperly collected from her, plus treble damages, punitive damages, and attorney fees pursuant to statute.  (Compl., ¶¶34, 51-53, 62, 74.) Labrador also seeks those additional remedies on behalf of all class members.  Business records in BofA's possession show that origination fees totaling more than $10 million were charged and collected in connection with the approximately 2,200 loans mentioned in the preceding subparagraph.

- 3 -

8.      This notice of removal is timely under 28 U.S.C. §1446(b) because BofA has filed it within 30 days of service of the summons and complaint on BofA.

9.      As required by 28 U.S.C. §1446(d), BofA will provide written notice of the removal of this action to Labrador, and to the San Francisco Superior Court.

WHEREFORE, BofA prays that this action be removed to this Court for final determination.

DATED: January 17, 2008                    SEVERSON & WERSON
                                           A Professional Corporation


                                           By: _____
                                                        Sunny S. Huo

                                           Attorneys for Defendant
                                           Bank of America, N.A.

- 4 -

# EXHIBIT A

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, Bar number, and address):*
Chavez & Gertler LLP
Mark A. Chavez (Bar No. 90858)
42 Miller Avenue
Mill Valley, CA 94941
TELEPHONE NO.: (415) 381-5599    FAX NO.: (415) 381-5572
ATTORNEY FOR *(Name):* Plaintiff, MARY B. LABRADOR

FOR COURT USE ONLY

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 DEC 17 AM 11: 18

GORDON PARK-LI, CLERK

BY: ELIAS BUTT
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: MARY B. LABRADOR V. BANK OF AMERICA, N.A.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-07-470128 <br> JUDGE: <br> DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* 5
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 17, 2007

Mark A. Chavez
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov


COPY

SUMMONS ISSUED

# FILED

San Francisco County Superior Court

DEC 17 2007

GORDON PARK-LI, Clerk

BY _____
Deputy Clerk

1  BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC
ANDREW S. FRIEDMAN (to be admitted *pro hac vice*)
2  GARRETT W. WOTKYNS (to be admitted *pro hac vice*)
2901 N. Central Avenue, Suite 1000
3  Phoenix, AZ 85012
Telephone: (602)274-1100
4  Facsimile: (602)274-1199

5  CHAVEZ & GERTLER LLP
MARK A. CHAVEZ (Bar No. 90858)
6  NANCE F. BECKER (Bar No. 99292)
DAN GILDOR (Bar No. 223027)
7  42 Miller Ave.
Mill Valley, CA 94941
8  Telephone: (415) 381-5599
Facsimile: (415) 381-5572

9
Attorneys for Plaintiff

CASE MANAGEMENT CONFERENCE SET

MAY 16 2008 -9ᵒᵒAM

DEPARTMENT 212

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF SAN FRANCISCO

13                            UNLIMITED JURISDICTION

14  MARY B. LABRADOR, individually and on   )   Case No.:   CGC-07-470128
behalf of all others similarly situated,      )
15                                            )   CLASS ACTION COMPLAINT FOR:
                Plaintiff,                     )   1.   Elder Financial Abuse;
16                                            )   2    Unlawful, Deceptive and Unfair
        vs.                                   )        Business Practices;
17                                            )   3.   CLRA Violations;
BANK OF AMERICA, N.A.,                         )   4.   Unjust Enrichment and
18                                            )        Imposition of Constructive Trust;
                                              )   5.   Declaratory Relief
19              Defendant.                     )
                                              )
20                                            )   JURY TRIAL DEMANDED

21

22          Plaintiff MARY B. LABRADOR brings this action against BANK OF AMERICA, N.A.

23  (referred to herein as "Defendant"), on behalf of herself and all others similarly situated. Upon

24  information and belief, as well as the investigation of counsel, Plaintiff alleges as follows:

25                              **INTRODUCTION**

26          1.      This class action challenges and seeks to redress Defendant's unlawful assessment of

27  fees in connection with reverse mortgage loans. As explained further below, under the governing

28  federal regulations, Defendant is barred from charging borrowers loan origination fees which are

    passed on to the loan broker in situations where there is a financial interest between the mortgage

                                              1
ORIGINAL                                  CLASS ACTION COMPLAINT

broker and the lender. In complete disregard of this rule, Defendant charges senior citizens who purchase reverse mortgages loan-related origination fees that are paid to brokers with whom Defendant has a financial interest. The existence of such a "financial interest" is apparent where, as here, the lender pays the broker both a "correspondent fee" *and* all or a portion of the "origination fee" charged to the borrower. Such origination fees are not charged to compensate Defendant for operating expenses, but to encourage mortgage brokers to refer loan business to Defendant. This practice is both unlawful and unfair.

2.     Reverse mortgages are a very lucrative business for lenders. The potential market for reverse mortgages in California is huge. Based on home ownership rates in California and national trends, approximately 2.1 million Californians, or roughly 60% of seniors in the state, are eligible for reverse mortgages. Because of the large population of senior citizens combined with high real estate values, interest in and use of reverse mortgages in California is particularly strong. Given the immense amount of money at stake in this relatively new market and the development in recent years of sophisticated "predatory lending" schemes by mortgage lenders, it is unsurprising that the unlawful activity many borrowers have experienced in the "forward" loan market has migrated to the reverse mortgage market.

3.     On behalf of herself and a class of all others similarly situated, Plaintiff asks the Court to declare unlawful and to enjoin Defendant's unlawful and unfair practice of assessing improper origination fees in connection with reverse mortgages. Plaintiff also seeks to recover restitution and damages from Defendant.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under Code of Civil Procedure § 410.10. Plaintiff's damages exceed the jurisdictional minimum of this Court.

5.     Venue is proper in the County of San Francisco because Plaintiff's causes of action accrued in the County of San Francisco, and Plaintiff resides in this County.

6.     Venue is also proper in this County under Civil Code § 1780(c), because Defendant is doing business in this County, a substantial number of Defendant's reverse mortgages, including Plaintiff's reverse mortgage, were originated in this county, and Plaintiff resides in this County.

2

CLASS ACTION COMPLAINT

## PARTIES

7.    Plaintiff Mary Labrador is 81 years old, and therefore an "elder" as defined by Welfare and Institutions Code § 15610.27 and Civil Code § 1761(f). Mrs. Labrador lives in the City and County of San Francisco, California.

8.    Defendant Bank of America is one of the world's largest financial institutions and one of America's leading mortgage lenders. On April 26, 2007, Bank of America announced that it had "signed a definitive agreement to acquire the reverse mortgage business of Seattle Mortgage Company, an indirect subsidiary of Seattle Financial Group, Inc., one of the leaders in providing financial services for seniors." (http://newsroom.bankofamerica.com/index.php?s=press_releases&item=7752, last viewed December 12, 2007). The Internet site of the corporate operation involved in reverse mortgage lending, Reverse Mortgage of America, states that "[a]s of June 29, 2007, Reverse Mortgage of America is now Bank of America, as Bank of America acquired the reverse mortgage business of Seattle Mortgage Company, including Reverse Mortgage of America." (http://www.reversemortgageofamerica.com/about_reverse_mortgage.asp, last viewed December 12, 2007). According to a reverse-mortgage product executive for Defendant, Bank of America acquired Reverse Mortgage of America as part of a larger strategy to capitalize through the reverse loan product on "elderly people struggling to make mortgage payments." (http://www.investmentnews.com/apps/pbcs.dll/article?AID=/20070904/FREE/70831067/1009/TOC, last viewed December 15, 2007).

9.    Defendant Bank of America is the successor-in-interest of and has assumed the liabilities relating to the Reverse Mortgage of America operation, including but not limited to its reverse mortgage lending portfolio, represented to be valued at $4 billion. (newsroom.bankofamerica.com, *supra*). In addition, Defendant Bank of America has continued to operate Reverse Mortgage of America and continues to engage in the acts and practices challenged herein. Defendant Bank of America is legally responsible for the acts and practices that have harmed and are continuing to harm Plaintiff and all others similarly situated.

---

3

CLASS ACTION COMPLAINT

1    10.    Plaintiff is informed and believes and thereon alleges that Bank of America is a

2  reverse mortgage lender approved by the U.S. Department of Housing and Urban Development.

3                                    **NATURE OF ACTION**

4    11.    Defendant provides "reverse mortgages" to senior citizens. In connection with these

5  transactions, Defendant charges borrowers designated "origination fees" and pays all or a portion of

6  those fees to the mortgage brokers who arrange or refer the loan. In addition, when the loan closes

7  Defendant "pays out of closing" to the mortgage brokers "correspondent" or similar fees. It is a

8  violation of applicable federal regulations, and thus an unlawful and unfair practice under state law,

9  for borrowers to be charged such origination fees when the brokers are also receiving these back-

10  channel fees. This action seeks to halt the imposition of these charges and secure relief for class

11  members who have been improperly charged.

12    12.    A reverse mortgage is a type of home equity loan that allows a senior homeowner to

13  convert her home's equity into cash, while allowing her to retain ownership and not make immediate

14  repayments. The term "reverse" refers to the fact that instead of the borrower making a monthly

15  payment to the lender, the lender makes payments to the borrower. Money obtained through a

16  reverse mortgage can be used for any purpose. Reverse mortgage loan proceeds are commonly used

17  for everyday living expenses, home repairs and/or in-home health care. Depending on the reverse

18  loan program, the borrower may not have to repay either the loan principal or accrued interest as

19  long as she lives in her home. That period typically ends when the homeowner becomes incapable

20  of caring for herself, requires nursing home care, or dies. Due to the advanced age of most reverse

21  mortgage borrowers, the term of the reverse mortgage loan is often short. *See* Victoria Wong and

22  Norma Paz Garcia, *There's No Place Like Home: The Implications of Reverse Mortgages on Seniors*

23  *in California*, Consumers Union Report (August 1999).

24    13.    Repayment of the reverse mortgage is secured by means of a deed of trust on the

25  home. The eventual sale of the home is expected to generate proceeds to repay the principal

26  ultimately borrowed, along with interest, fees and expenses.

27    14.    Reverse mortgage loans appear to be an attractive option for the many financially-

28  strapped seniors like Plaintiff who live on fixed or limited incomes. However, reverse mortgages

                                        4

                                                        CLASS ACTION COMPLAINT

1  impose substantial fees and costs on borrowers. Those fees and costs are added to the loan balance

2  at the outset.

3      15.    Reverse mortgages are highly complex financial instruments that even relatively

4  sophisticated consumers have difficulty understanding. One would never guess this, however, from

5  reading the Internet site of Home Center Mortgage ("Home Center"), the firm that brokered

6  Plaintiff's reverse mortgage loan. It baldly states that the reverse mortgage is:

7      [t]he *newest and absolute best loan program for seniors, it allows you to borrow money*
8      *without ever making payments.* Do you want to eliminate your house payment? Do you
       need extra income every month? Do you need to make home improvements? Do you
9      want to take a vacation? Does your family need help? Our Reverse Mortgage Specialists
       are ready to help you secure a government insured Reverse Mortgage for all of your
10     financial needs. There is virtually no qualifying, as long as you are 62 or over and own
       your home, even if it is not paid off, we can start working toward helping you enjoy your
11     retirement.

12
13  (http://homecenterrealty.com/ (last visited September 14, 2007) (emphasis added).) In contrast to

14  Home Center's representations concerning reverse mortgage costs, the Federal Trade Commission

15  warns consumers in an Internet advisory entitled "Reverse Mortgages: Get the Facts Before Cashing

16  In On Your Home's Equity" that "reverse mortgages tend to be more costly than other home loans.

17  The up-front costs can be high[.]" (http://www.ftc.gov/bcp/conline/pubs/homes/rms.shtm, last

18  viewed May 17, 2007).

19      16.    For these reasons, the still-young reverse mortgage industry has already generated a

20  wide variety of consumer financial abuse. One example of such abuse is the imposition of abusive

21  loan-related fees and costs such as the origination fees that are the subject of this Complaint.

22      17.    As a result of reverse mortgage consumer abuses, the federal government and state

23  governments have promulgated reverse mortgage-specific consumer protection laws, which

24  generally protect rights of senior citizens and require full disclosure of all material facts associated

25  with reverse mortgages. The reverse mortgage loan made by Defendant to Plaintiff violated at least

26  one of these laws, 24 C.F.R. § 206.31(a)(1), which expressly states that, "A mortgage broker's fee

27  can be included as part of the origination fee only if the mortgage broker is engaged independently

28

5

CLASS ACTION COMPLAINT

1  by the homeowner *and if there is no financial interest between the mortgage broker and the*

2  *mortgagee*" (emphasis added).

3      18.    Although Defendant's website defines an "origination fee" as a fee that "covers the

4  reverse mortgage operating expenses of the lender" (www.reversemortgageofamerica.com, last

5  visited December 4, 2007, defining "reverse mortgage fees and costs from Bank of America"),

6  Defendant charges borrowers "origination fees" that it in fact pays to mortgage brokers. In addition,

7  under the pretext of purchasing loan servicing rights from reverse mortgage loan brokers, Defendant

8  systematically makes direct payments to brokers, including Plaintiff's broker. These payments are

9  to incentivize brokers to steer loan applicants to Defendant, and to reward them when they do so.

10  The payments do not, however, secure servicing rights to reverse mortgage loans.   Properly

11  speaking, loan brokers such as Home Center have no "servicing rights" in the loans they broker to

12  sell to Defendant or any other party.

13      19.    A community of financial interest exists between Defendant and its loan brokers

14  (including Plaintiff's broker, Home Center) in transactions where Defendant makes these payments

15  to brokers. Indeed, the Home Center's website promotes the company by stating, "[w]e are proud to

16  have   close   relationships   with   the   most   reputable   Reverse   Mortgage   lenders ...."

17  (www.homecenterrealty.com, last visited Dec. 4, 2007.) Both brokers and Defendant benefit when a

18  reverse mortgage loan is consummated under the back-channel fee arrangement that Defendant

19  maintains with its broker force. Brokers in such cases often receive not only the back-channel fee,

20  but also, typically, a much larger origination fee – a fee to which brokers have no right under federal

21  law. And by paying these fees, Defendant in turn gains a stronger position in the one segment of the

22  mortgage market that is "poised for a sustained boom" even as the rest of the mortgage market

23  founders. (http://realtytimes.com/rtcpages/20070430_reversemort.htm, last viewed November 8,

24  2007).

25      20.    By this action, Plaintiff and the Class seek an order enjoining Defendant from

26  continuing improperly to assess borrowers for reverse loan origination and correspondent fees, and

27  declaring that practice unlawful. Plaintiff and the Class also seek treble damages for violations of

28  the elder abuse statutes of California, together with monetary and punitive damages, statutory

6

CLASS ACTION COMPLAINT

1    damages, restitution, attorney fees, and such other legal and/or equitable relief as may be appropriate

2    to redress Defendant's wrongful conduct.

### PLAINTIFF'S REVERSE MORTGAGE TRANSACTION

4        21.    Defendant's reverse mortgage operation is one of America's leading reverse

5    mortgage originators.  On information and belief, Defendant markets its reverse loan products

6    primarily through a network of mortgage brokers and other agents, including Home Center.

7        22.    In or about July 2006, Michael R. Fullam, an agent of Home Center, contacted

8    Plaintiff, then 80 years of age, concerning the possibility of Plaintiff entering into a reverse mortgage

9    loan.  Mr. Fullam advised Plaintiff to enter into a reverse mortgage originated by Defendant,

10   brokered by Home Center, and secured by a deed of trust on her home.

11       23.    On or about August 10, 2006, Plaintiff entered into a reverse mortgage loan

12   originated by Defendant.

13       24.    According to Plaintiff's HUD-I Settlement Statement, Plaintiff paid at closing a

14   $7,255.80 "origination fee" in connection with her reverse mortgage loan.  According to Plaintiff's

15   loan materials, that fee was conveyed in its entirety not to the bank that actually originated her loan,

16   Defendant, but to her mortgage broker, Home Center.

17       25.    According to Plaintiff's HUD-I Settlement Statement, Defendant also paid a

18   "correspondent fee" to Home Center in the amount of $490 in connection with Plaintiff's loan

19   closing.

20       26.    Plaintiff's reverse mortgage was a Home Equity Conversion Mortgage loan

21   ("HECM") guaranteed by the U.S. Department of Housing and Urban Development ("HUD"), and

22   thus subject to loan cost and fee limitations contained in applicable HUD regulations.

23       27.    Defendant's reverse mortgage loan to Plaintiff violated 24 C.F.R. § 206.31(a)(1)

24   because, among other things, Plaintiff was charged origination fees which were paid to the mortgage

25   broker despite the fact that Defendant and Home Center had a financial relationship.

26

27

28

7

CLASS ACTION COMPLAINT

28.   Because there was a "financial interest" between Home Center and Defendant within the meaning of 24 C.F.R. § 206.31(a)(1), Plaintiff should not have been charged a reverse mortgage "origination fee" that was paid in whole or in part to Home Center.

29.   Defendant's Assistant General Counsel stated in a recent letter to Plaintiff that the "correspondent fee" Plaintiff paid was: (a) a "back-funded payment to [a] mortgage broker;" and (b) a fee that "the lender paid the originating broker for servicing rights to the loan." As numerous courts have held, though, originating mortgage brokers own no servicing rights in the loans they broker. Thus, Home Center owned no servicing rights in Plaintiff's reverse mortgage loan that it could sell to Defendant or to any other party.

30.   Among other things, servicing rights on a mortgage loan include the rights to collect principal and interest payments on the loan, to obtain from the borrower any delinquent principal, interest and/or penalty payments due under the loan agreement, and to recover payment of property taxes. The servicing rights on Plaintiff's reverse mortgage loan did not exist until the loan was consummated and funded by Defendant. Defendant – and not Home Center – was the initial owner of all servicing rights associated with Plaintiff's loan.

31.   Thus, while the so-called "correspondent fee" that Defendant paid to Home Center was indeed a payment to Home Center for delivering Plaintiff's loan to Defendant, it was not a payment for servicing rights on Plaintiff's loan.   In connection with its enforcement of the Real Estate Settlement Procedures Act (RESPA), HUD has unambiguously condemned such covert payments from lenders to brokers.  HUD's website plainly states that, "your mortgage lender may not pay your real estate broker . . . for referring you to the lender." (http://www.hud.gov/offices/hsg/sfh/res/sc2secti.cfm, last viewed November 11, 2007).

32.   Such "back-funded payments" link brokers like Home Center and lenders like Defendant in a community of financial interest.  Both parties benefit from this concealed fee arrangement: brokers by obtaining payment of increased fees at closing, and lenders by obtaining

8

CLASS ACTION COMPLAINT

1  profitable and well-performing mortgage loans.  Such payments incentivize brokers like Home

2  Center to steer additional reverse mortgage loans to Defendant.

3    33.  Given the nature of this disguised fee arrangement and Plaintiff's relationship with

4  her broker, Defendant was prohibited under 24 C.F.R. § 206.31(a)(1) from charging Plaintiff the

5  origination fee she paid in connection with her reverse mortgage loan while it was also compensating

6  Home Center through a "correspondent fee."

7    34.  Plaintiff was harmed by her purchase of the reverse mortgage.  The $7,255.80

8  origination fee that Plaintiff was charged in connection with her reverse mortgage loan was in whole

9  or in part a broker fee, and should not have been charged.

10  ## CLASS ALLEGATIONS

11    35.  Plaintiff is informed and believes and on that basis alleges that Defendant has charged

12  and is continuing to charge senior citizens origination fees and correspondent fees which are

13  unlawfully paid to mortgage brokers who have not been independently engaged by class members

14  and/or with whom Defendant has a financial interest.  As set forth more fully below, Plaintiff alleges

15  that Defendant's actions are unlawful, unfair and deceptive within the meaning of Business &

16  Professions Code § 17200 *et seq.* and California Civil Code § 1750 *et seq.*, and that they constitute

17  "elder abuse" as defined by California Welfare & Institutions Code § 15657.5 *et seq.*

18    36.  Pursuant to Code of Civil Procedure §382 and Civil Code §1780, Plaintiff asserts

19  these claims on behalf of herself and all other persons similarly situated.  The Class consists of the

20  following individuals:

21    All "elder[s]" in California: (a) who purchased reverse mortgages that were

22    originated, structured and/or underwritten by Defendant at any time during the four

23    years preceding the filing of this Complaint, and continuing until the date of trial;

24    and (b) who were charged both an "origination fee" that was conveyed, in whole or

25    in part, to an originating mortgage broker, and a "correspondent fee" or similar fee

26    that was also paid to the originating mortgage broker.

27    37.  Plaintiff and the Class seek to enjoin Defendant from engaging in the unfair,

28  fraudulent and unlawful business practices alleged in this Complaint, to require Defendant to make

9

CLASS ACTION COMPLAINT

1    restitution and to restore to the affected members of the Class all monies wrongfully obtained

2    through its unfair and unlawful business practices, and to declare such business practices unlawful.

3        38.    Class treatment of these claims is appropriate because the members of the Class are

4    so numerous that joinder of all members would be impracticable.  Plaintiff reasonably estimates that

5    Class members may number into the thousands or even the tens of thousands; for example,

6    Defendant's press release represents that the reverse loan portfolio it acquired included 40,000

7    reverse mortgages (newsroom.bankofamerica.com, *supra*).  The precise number of class members

8    and their addresses are unknown to Plaintiff, but can be ascertained through appropriate discovery of

9    Defendant's records.  Class members may be notified of the pendency of this action by mail,

10    publication and/or other notice.

11        39.    There is a well-defined community of interest in the relevant questions of law and

12    fact affecting putative Class members.  Common questions of law and fact predominate over any

13    individual questions affecting Class members, including but not limited to the following:

14        (a)    Whether Defendant improperly originated, structured and/or underwrote

15    reverse mortgage loans to senior citizens, including Plaintiff and the Class;

16        (b)    Whether Defendant committed and continues to commit unfair, unlawful

17    and/or deceptive business practices in violation of Bus. & Prof. Code § 17200 in its

18    origination, structuring and/or underwriting of reverse mortgage loans to senior

19    citizens, including Plaintiff and the Class;

20        (c)    Whether Defendant committed elder abuse as defined in Welf. & Inst. Code

21    § 15600 *et seq.*;

22        (d)    Whether, in participating in the activities alleged in this Complaint,

23    Defendant violated the Consumers Legal Remedies Act (Civil Code §1750

24    *et seq.*);

25        (f)    Whether Defendant has been unjustly enriched at the expense of Plaintiff and

26    the Class;

27        (g)    Whether Plaintiff and members of the Class have sustained injury;

28        (h)    Whether Plaintiff and the Class are entitled to damages; and

10

CLASS ACTION COMPLAINT

(i)    Whether the Class is entitled to injunctive, declaratory and/or other relief.

40.    Plaintiff's claims are typical of those of the absent Class Members. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

41.    Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to, or that directly and irrevocably conflict with, the interests of other Class Members. Plaintiff is willing and prepared to serve the Court and the putative Class in a representative capacity with all of the obligations and duties attendant thereto.

42.    Plaintiff has retained the services of counsel, identified below on the signature page, who are experienced in complex class action litigation and in particular class actions involving financial services matters. Plaintiff's counsel will adequately prosecute this action, and will otherwise assert, protect and fairly and adequately represent Plaintiff and all absent Class Members.

43.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

(a)    individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any individual class member has at stake;

(b)    very little individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

(c)    the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

(d)    the proposed Class is manageable.

44.    Therefore, class treatment of Plaintiff's claims is both appropriate and necessary.

## FIRST CAUSE OF ACTION

### (Financial Elder Abuse)

45.    Plaintiff repeats and incorporates herein the allegations of paragraphs 1-44, inclusive.

CLASS ACTION COMPLAINT

46.    Defendant's conduct constitutes financial abuse under Welf. & Inst. Code § 15657.5 *et seq.*, as defined in Welf. & Inst. Code § 15610.30. Welf. & Inst. Code § 15610.30 reads in pertinent part as follows:

a.    "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:

(1)    Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both.

(2)    Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both.

47.    At all relevant times, Defendant took and/or assisted in the taking of property from Plaintiff for its own wrongful use and/or with intent to defraud.

48.    Defendant manipulated Plaintiff into paying excessive, unlawful and unfair fees and costs in connection with her reverse mortgage.

49.    In performing these wrongful acts, the agents and employees of Defendant acted on behalf of Defendant.

50.    The conduct of Defendant was knowing, reckless, oppressive, fraudulent and malicious within the meaning of Welf. & Inst. Code § 15657.5 *et seq.*

51.    Under Welf. & Inst. Code § 15657.5 *et seq.*, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs incurred in investigating and litigating this claim.

52.    Under Civil Code § 3294 and Welf. & Inst. Code § 15657.5, Defendant is liable for punitive damages.

53.    Under Civil Code § 3345, Defendant is liable for treble damages and penalties because:  (a) Defendant knew or should have known its conduct was directed at a senior citizen; (b) Defendant's conduct caused a senior citizen to encumber her personal residence and suffer substantial loss of property and assets set aside for her retirement and essential to her health and welfare; (c) Plaintiff is a senior citizen who is more vulnerable than other members of the public to Defendant's conduct because of her age, impaired understanding, impaired health or restricted

12

CLASS ACTION COMPLAINT

1  mobility; and (d) Plaintiff actually suffered substantial economic damages as a result Defendant's

2  conduct.

## SECOND CAUSE OF ACTION

### (Unlawful, Deceptive and Unfair Business Practices)

5      54.    Plaintiff repeats and incorporates herein the allegations of paragraphs 1-53, inclusive.

6      55.    Section 17200 prohibits any "unlawful ... business act or practice." Defendant has

7  violated §17200's prohibition against engaging in an unlawful act or practice by, *inter alia*, the

8  following:

9          a.      violating Cal. Welf. & Inst. Code §§ 15610.30 and 15657.5 *et seq.* (as further

   alleged herein);

11         b.      violating 24 C.F.R. § 206.31(a)(1) by charging Plaintiff an origination fee

12  and conveying that fee to Home Center, a mortgage broker, where a financial interest

   existed between Home Center and Defendant.

14     56.    Plaintiff reserves the right to allege other violations of law and/or other unlawful

15  business acts or practices. Such conduct is ongoing and continues to this date.

16     57.    Section 17200 also prohibits any "unfair ... business act or practice." As detailed in

17  the preceding paragraphs, Defendant sold a reverse mortgage to Plaintiff with terms, conditions, and

18  under circumstances that violate federal and state law and fundamental policies delineated in

19  statutory provisions. Defendant gained the trust of Plaintiff, had access to her private financial

20  information, and induced her to encumber her personal residence and enter into a reverse mortgage.

   As a result, Defendant engaged in unfair business practices prohibited by Cal. Bus. & Prof. Code

21  § 17200 *et seq.*

22     58.    Section 17200 also prohibits any "fraudulent ... business act or practice." As detailed

23  in the preceding paragraphs, the conduct of Defendant was likely to deceive and did deceive

24  Plaintiff. Defendant made misrepresentations about reverse mortgages that it knew were likely to be

25  deceptive and misleading for senior consumers like Plaintiff, failing to disclose all material features,

26  facts, risks and/or attributes of reverse mortgages. Defendant gained the trust of Plaintiff, had access

27  to her personal information, and through its unscrupulous sales practices, induced her to enter into a

28

13

1    reverse mortgage loan transaction, all the time knowing that those sales practices were likely to be

2    misleading and deceptive for Plaintiff.

3        59.    Defendant's practices have deceived or are likely to deceive members of the public,

4    including Plaintiff.

5        60.    As a result of Defendant's practices, Plaintiff has incurred actual financial losses and

6    damages including fees and charges that she would not have otherwise incurred.

7        61.    Unless Defendant is enjoined from continuing to engage in the unlawful, deceptive

     and unfair business practices described above, Plaintiff and the Class will continue to be damaged.

8        62.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order requiring

9    Defendant immediately to cease such unlawful, unfair and deceptive business practices and

10   requiring Defendant to return the full amount of money improperly collected, including any income

11   derived from fees imposed on Plaintiff and the Class, plus interest and attorneys' fees.

12                        **THIRD CAUSE OF ACTION**

13              **(Violation of the Consumers Legal Remedies Act)**

14       63.    Plaintiff repeats and incorporates herein the allegations of paragraphs 1-62, inclusive.

15       64.    Plaintiff brings this cause of action on behalf of the Class seeking injunctive relief,

16   restitution and damages pursuant to the Consumers Legal Remedies Act ("CLRA"), Civil Code

17   §1750, *et seq.*

18       65.    The CLRA applies to the conduct described herein, because it extends to transactions

19   that are intended to result, or which have resulted, in the sale or lease of goods or services to

20   consumers. Specifically, the CLRA exists to protect consumers from unconscionable, fraudulent

21   and deceptive sales practices.

22       66.    Plaintiff and each member of the Class are "consumers" within the meaning of

23   California Civil Code §1761(d).

24       67.    The reverse mortgages that Defendant markets to seniors and originates are "goods"

25   within the meaning of Civil Code §1761(a). The deceptive and fraudulent sale of reverse mortgages

26   to senior citizens constitutes a "transaction" pursuant to Civil Code §1761(c). The deceptive and

27   fraudulent business practices employed by Defendant in the sale of reverse mortgages are "services"

28

pursuant to Civil Code §1761(b), and are services for other than commercial or business use. Plaintiff and the Class utilized these "services," which included deceptive and fraudulent disclosures and/or omissions made by Defendant.

68.   Defendant has violated, and continues to violate, the CLRA in at least the following respects:

a.    In violation of Civil Code §1770(a)(3), failing to disclose and thus misrepresenting its financial relationship with mortgage brokers, including but not limited to the broker who dealt with the Plaintiff, Home Center;

b.    In violation of Civil Code §1770(a)(14), Defendant has represented that the transactions, services or goods that it offers confer or involve rights that the transaction, service or good does not have;

c.    In violation of Civil Code §1770(a)(19), while providing financial services to Plaintiff, Defendant failed to properly disclose costs, fees, and charges associated with its reverse mortgages.

69.   Unless Defendant is permanently enjoined from continuing to engage in such violations of the CLRA, other senior citizens will continue to be harmed by Defendant's acts and practices in the same way Plaintiff and other members of the Class have been harmed already.

70.   In compliance with the provisions of California Civil Code §1782, Plaintiff has given written notice to Defendant, through service of the Complaint and of a letter written pursuant to Civil Code §1782 and sent via certified mail, return receipt requested, of Plaintiff's intention to seek damages under California Civil Code §1750, et seq., and requested that Defendant provide a remedy as to each California consumer affected.   More than thirty days have elapsed since Defendant's receipt of that notice, and Defendant has responded by denying Plaintiff's allegations and declining to institute an effective or complete remedy for the past or future harm it has and will cause.   Nor has Defendant otherwise rectified the deceptive practices complained of herein.

71.   Pursuant to Civil Code §1780(a)(3), Plaintiff and members of the class are entitled to injunctive relief, damages and restitution for Defendant's violations of the CLRA.   Plaintiff and the members of the Class are also entitled to statutory penalties of $5,000 per senior harmed by

1  Defendant's practices, pursuant to Civil Code §1780(b), as well as their costs and reasonable

2  attorney's fees, pursuant to Civil Code §1780(d). Plaintiff and members of the Class further request

3  this Court to enjoin Defendant from continuing to employ the unlawful methods, acts, and practices

4  alleged above in whatever context they occur, pursuant to Civil Code §1780(a)(2).

### FOURTH CAUSE OF ACTION

#### (Unjust Enrichment and Imposition of Constructive Trust)

7  72.   Plaintiff repeats and incorporates herein the allegations of paragraphs 1-71, inclusive.

8  73.   By engaging in inappropriate reverse mortgage practices, Defendant obtained

9  payments from Plaintiff in the form of commissions, charges and fees, expenses and costs.

10  74.   As a result of the relationship between the parties and the facts stated above,

11  Defendant has been and will be unjustly enriched if it is permitted to retain such funds and therefore

12  a constructive trust should be established over the monies Plaintiff paid to Defendant, including

13  reverse mortgage commissions, charges and/or other fees, expenses and costs imposed by Defendant.

14  These monies are traceable to Defendant and/or firms utilized, operated and/or controlled by

15  Defendant.

16  75.   Plaintiff has no adequate remedy at law and has been damaged in an amount to be

17  determined at the trial of this action.

### FIFTH CAUSE OF ACTION

#### (Declaratory Relief)

20  76.   Plaintiff repeats and incorporates herein the allegations of paragraphs 1-75, inclusive.

21  77.   A controversy has arisen and exists between Plaintiff and the proposed Plaintiff class,

22  on the one hand, and Defendant, on the other, in that Plaintiff contends, and Defendant denies, that

23  the fees charged by Defendant in connection with reverse mortgage loans and the other practices

24  alleged above violate state and federal law and are deceptive and unfair.

25  78.   The Court can and should resolve this controversy by providing Plaintiff and the

26  Class appropriate declaratory relief.

27

28

CLASS ACTION COMPLAINT

## PRAYER

WHEREFORE, Plaintiff and the Class pray for judgment against Defendant as follows:

1.    For a preliminary and permanent order of injunctive relief enjoining Defendant from pursuing the acts and practices complained of herein;

2.    Imposition of a constructive trust and an Order granting restitution, disgorgement of ill-gotten profits, and such other equitable relief as the Court deems just and proper;

3.    For actual damages according to proof;

4.    For punitive and exemplary damages;

5.    For statutory, treble damages and penalties;

6.    For declaratory relief;

7.    For reasonable attorneys' fees, costs and expenses of investigation and litigation;

8.    For costs of suit, pre-judgment, and post-judgment interest; and

9.    For such other and further relief as the Court may deem necessary or appropriate.


Dated: December 17, 2007                BONNETT, FAIRBOURN, FRIEDMAN
                                        & BALINT, PC

                                        CHAVEZ & GERTLER LLP


                                        By: _____
                                            Mark A. Chavez

                                        Attorneys for Plaintiff.

17

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated: December 17, 2007

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC

CHAVEZ & GERTLER LLP

By: _____
　　　　　　Mark A. Chavez
　　　　　Attorney for Plaintiff

CLASS ACTION COMPLAINT

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

|  | FOR COURT USE ONLY |
|--|--|
|  | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :

BANK OF AMERICA, N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :

MARY B. LABRADOR, individually and on behalf of *all* others similarly situated *(Kth)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **CGC-07-470128** |
|--|--|
| Superior Court of San Francisco<br>400 McAllister Street<br>San Francisco, CA 94102 |  |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

## Gordon Park-Li

| DATE: *(Fecha)* **DEC 1 7 2007** | Clerk, by *(Secretario)* **ELIAS BUTT** | , Deputy *(Adjunto)* |
|--|--|--|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, *(POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|--|--|
|  | 1. ☐ as an individual defendant. |
|  | 2. ☐ as the person sued under the fictitious name of *(specify)* : |
|  | 3. ☐ on behalf of *(specify)* : <br> under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)<br> ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)<br> ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br> ☐ other *(specify)* : |
|  | 4. ☐ by personal delivery on *(date)* : |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT C

1 │ BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC
    ANDREW S. FRIEDMAN (to be admitted *pro hac vice*)
2 │ GARRETT W. WOTKYNS (to be admitted *pro hac vice*)
    2901 N. Central Avenue, Suite 1000
3 │ Phoenix, AZ 85012
    Telephone: (602)274-1100
4 │ Facsimile: (602)274-1199

5 │ CHAVEZ & GERTLER LLP
    MARK A. CHAVEZ (Bar No. 90858)
6 │ NANCE F. BECKER (Bar No. 99292)
    42 Miller Ave.
7 │ Mill Valley, CA 94941
    Telephone: (415) 381-5599
8 │ Facsimile: (415) 381-5572

9 │ Attorneys for Plaintiff

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 DEC 17 AM 11:18

GORDON PARK-LI, CLERK

BY: _____
DEPUTY CLERK

CASE MANAGEMENT CONFERENCE SET

MAY 16 2008 -9:00 AM

DEPARTMENT 212

10 │ SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 │ COUNTY OF SAN FRANCISCO

12 │ UNLIMITED JURISDICTION

13 │ MARY B. LABRADOR, individually and on ) Case No.:
        behalf of all others similarly situated,    )
14 │                                                  ) CLASS ACTION
15 │                  Plaintiff,                       ) PLAINTIFF'S DECLARATION PURSUANT
                                                       ) TO CIVIL CODE §1780
16 │          vs.                                      )
17 │ BANK OF AMERICA, N.A.,                           )
                                                       )
18 │                                                  )
                 Defendant.                            )
19 │                                                  )
20 │ _____ )

21 │        I, Mark A. Chavez, declare:

22 │        1.    I am an attorney admitted to practice before all courts of the State of California. I am

23 │ a partner in the law firm Chavez & Gertler, LLP, one of the counsel of record for plaintiff Mary

24 │ Labrador and the proposed plaintiff class herein.  I have personal knowledge of the following

25 │ matters, and if called as a witness I could testify competently to them.

26 │        2.    This is a class action suit challenging defendant Bank of America's practice of

27 │ charging unlawful fees in connection with reverse mortgage loans.  In particular, Plaintiff alleges

28 │ that Defendant charged her and other consumers substantial loan broker fees – including but not

1

COPY

1   limited to loan broker fees included in or characterized as "origination" fees – in circumstances

2   where the broker was not engaged independently by the borrower and there is an ongoing financial

3   relationship between the mortgage broker and the Defendant.  Plaintiff asserts that this practice

4   violates Business & Professions Code §17200 in that it is unlawful (*see* 24 C.F.R. § 206.31(a)(1)),

5   unfair and deceptive; violates the Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750 *et*

6   *seq.*; and, because Plaintiff and the other members of the proposed class are senior citizens,

7   constitutes "elder abuse" as defined in Welfare & Institutions Code § 15600 *et seq.*  The class

8   consists of all persons in California (a) with reverse mortgages that were originated, structured

9   and/or underwritten by Defendant, and (b) who were charged an "origination fee" by Defendant that

10  was conveyed to an originating mortgage broker where the broker also was paid a "correspondent

11  fee" or similar fee.

12       3.      I am informed and believe that plaintiff Mary Labrador is a resident of San Francisco,

13  and that she entered into the reverse mortgage transaction which gives rise to her claims in San

14  Francisco.

15       4.      Defendant Bank of America represents on its website, www.bankofamerica.com (last

16  visited December 14, 2007), that it is one of the world's largest financial institutions and one of

17  America's leading mortgage lenders.  Defendant has at least 25 "banking centers" in the City of San

18  Francisco, and maintains business offices in San Francisco.  On that basis, I am informed and believe

19  that venue is proper in this Court under C.C.P. § 395.5 and Civil Code § 1780(c) because the

20  Defendant does business in the City and County of San Francisco and has solicited business from

21  and imposed unlawful loan fees and charges on class members who live in San Francisco, and

22  because Defendant's liability arose in part in San Francisco.

23       I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct, and that this declaration was executed in Mill Valley, California

25  on December 17, 2007.

26

27                                          Mark A. Chavez

28

2

PLAINTIFF'S DECLARATION PURSUANT TO CIVIL CODE §1780

# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# FILED

San Francisco County Superior Court

OCT 2 3 2007

GORDON PARK-LI, Clerk

BY: _____
                              Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 304

In re:                              )
                                    )
    COMPLEX LIGITATION              )    **AMENDED GENERAL ORDER RE:**
                                    )    **PROCEDURE FOR APPROVAL OF**
                                    )    **COMPLEX LITIGATION DESIGNATION**
                                    )
                                    )    The Honorable Richard A. Kramer
                                    )
                                    )
                                    )
_____ )

This Order shall apply to any case designated as a Complex Case on the Civil Case Cover Sheet (Judicial Council Form CM-010, Rule 3.220, Cal. Rules of Court) filed in San Francisco Superior Court.  As to all such cases:

    1.  The fee(s) required by California Government Code section 70616 shall be paid upon filing such designation.

    2.  No case shall be assigned to the Complex Litigation Department until an Application For Approval of Complex Litigation Designation has been made in accordance with this Order, and the Court has ordered the case so assigned.

-1-

GENERAL ORDER RE COMPLEX LITIGATION

3. An Application for Approval of Complex Designation should be made as early in the case as is feasible and must set forth with specificity the reasons that the case should be assigned to the Complex Litigation Department in accordance with the factors set forth in Rule 3.400 *et seq.*, California Rules of Court. A copy of such Application, together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be delivered to the clerk of Department 304 promptly upon filing. Copies of the Application shall be served on all other parties who have been served with the Complaint or have appeared in the case.

4. A Complex Case Designation which does not comply with this Order may be deemed denied without further order.

5. Until such time as the Court issues an order assigning the case to the Complex Litigation Department, it will remain in its otherwise assigned case management plan and shall be subject to all applicable case management rules and procedures. *See* Rule 3 – Civil Case Management, San Francisco Superior Court Local Rules of Court.

6. Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet, the Clerk of the Court shall, upon request, refund any fees paid pursuant to California Government Code section 70616(a) or (b). *See* Cal. Gov. Code § 70616(d).

7. This Order does not modify the provisions of Rule 3.403(b), California Rules of Court.

IT IS SO ORDERED.

Dated: October 23, 2007

The Honorable Richard A. Kramer

# EXHIBIT E

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1)   Judicial Arbitration
2)   Mediation
3)   The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

## *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

ADR-1   10/07 (ja)

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1  10/07 (ja)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ Private Mediation     ☐ **Mediation Services of BASF**     ☐ **Judicial Mediation**
☐ Binding arbitration                                                     Judge _____
☐ Non-binding judicial arbitration                              Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | | |
|---|---|---|
| _____<br>Name of Party Stipulating<br><br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Signature of Party or Attorney<br><br>Dated: _____ |
| _____<br>Name of Party Stipulating<br><br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Signature of Party or Attorney<br><br>Dated: _____ |
| _____<br>Name of Party Stipulating<br><br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Signature of Party or Attorney<br><br>Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06                          STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:            FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date:            Time:            Dept.:            Div.:            Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

    (1)   ☐   Mediation

    (2)   ☐   Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3)   ☐   Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4)   ☐   Binding judicial arbitration

    (5)   ☐   Binding private arbitration

    (6)   ☐   Neutral case evaluation

    (7)   ☐   Other *(specify):*

    e.   ☐   This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f.   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g.   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☐   The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    a.   ☐   Insurance carrier, if any, for party filing this statement *(name):*

    b.   Reservation of rights:   ☐   Yes   ☐   No

    c.   ☐   Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐   Bankruptcy   ☐   Other *(specify):*

    Status:

**14. Related cases, consolidation, and coordination**

    a.   ☐   There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐   Additional cases are described in Attachment 14a.

    b.   ☐   A motion to   ☐   consolidate   ☐   coordinate   will be filed by *(name party):*

**15. Bifurcation**

    ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none   ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

CASE NUMBER: CGC-07 170128 MARY B. LABRADOR VS. F JK OF AMERICA N.A.

Case 3:08-cv-00321-MMC    Document 1-2    Filed 01/17/2008    Page 49 of 54

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:    MAY-16-2008

TIME:    9:00AM

PLACE:   Department 212
         400 McAllister Street
         San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# EXHIBIT F

1 | BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC
ANDREW S. FRIEDMAN (to be admitted *pro hac vice*)
2 | GARRETT W. WOTKYNS (to be admitted *pro hac vice*)
2901 N. Central Avenue, Suite 1000
3 | Phoenix, AZ 85012
Telephone: (602)274-1100
4 | Facsimile: (602)274-1199

5 | CHAVEZ & GERTLER LLP
MARK A. CHAVEZ (Bar No. 90858)
6 | NANCE F. BECKER (Bar No. 99292)
DAN GILDOR (Bar No. 223027)
7 | 42 Miller Ave.
Mill Valley, CA 94941
8 | Telephone: (415) 381-5599
Facsimile: (415) 381-5572

9 |

10 | Attorneys for Plaintiff

11 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | COUNTY OF SAN FRANCISCO

13 | UNLIMITED JURISDICTION

14 | MARY B. LABRADOR, individually and on ) Case No.: CGC-07-470128
behalf of all others similarly situated, )
15 | )
) **CLASS ACTION**
16 | Plaintiff, )
) Complaint filed: December 17, 2007
17 | vs. )
) **PROOF OF SERVICE OF**
18 | BANK OF AMERICA, N.A., ) **SUMMONS, COMPLAINT, AND**
) **OTHER INITIATING DOCUMENTS**
19 | Defendant. )
20 | )
21 | )

22

23

24

25

26

27

28

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> NANCE F. BECKER, ESQ. (99292) <br> CHAVEZ & GERTLER <br> 42 Miller Avenue <br> Mill Valley, California 94941 <br> TELEPHONE NO. (415) 381-5599    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: PLAINTIFF | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN   FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California   94102
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: **Mary Labrador** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Bank of America | **CGC-07-470128** |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> **W2488984** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: **Summons, Complaint, Plaintiff's Declaration Pursuant to Civil Code §1780, Civil Cover Sheet, Amended General Order Re Complex Litigation Designation, Notice to Plaintiff, and ADR Packet**
3. a. Party served *(specify name of party as shown on documents served)*:
      BANK OF AMERICA, N.A.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      MARGARET WILSON, Authorized Agent of CT CORPORATION SYSTEM, Agent for Service of Process
4. Address where the party was served: 818 W. Seventh Street
      Los Angeles, California   90017
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 12/19/2007   (2) at *(time)*: 2:00 p.m.
   b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2 <br> Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Mary Labrador | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America | CGC-07-470128 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                                          (2) from *(city):*

(3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a.  ☐  as an individual defendant.
b.  ☐  as the person sued under the fictitious name of *(specify):*
c.  ☐  as occupant.
d.  ☑  On behalf of *(specify):*    BANK OF AMERICA, N.A.
under the following Code of Civil Procedure section:

☑  416.10 (corporation)                        ☐  415.95 (business organization, form unknown)
☐  416.20 (defunct corporation)                ☐  416.60 (minor)
☐  416.30 (joint stock company/association)    ☐  416.70 (ward or conservatee)
☐  416.40 (association or partnership)         ☐  416.90 (authorized person)
☐  416.50 (public entity)                      ☐  415.46 (occupant)
                                               ☐  other:

7.  **Person who served papers**
a.  Name:  J. Aldana
b.  Address: Wheels of Justice, Inc., 657 Mission Street, Suite 502, San Francisco, California  94105
c.  Telephone number:  (415)    546-6000
d.  The fee for service was:  $
e.  I am:

(1) ☐  not a registered California process server.
(2) ☐  exempt from registration under Business and Professions Code section 22350(b).
(3) ☑  a registered California process server:
    (i) ☐  owner  ☐  employee  ☑  independent contractor.
    (ii)  Registration No.: 5261
    (iii) County: Los Angeles

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  December 20, 2007

J. Aldana

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

%JS 44 (Rev. 12/07)(cand rev 1-16-08) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

Mary B. Labrador

**DEFENDANTS**

Bank of America, N.A.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
(415) 381-5599

Attorneys (If Known)

Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, 11453

Brief description of cause:
Removal of reverse mortgage class action.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Excess of $5M

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE

DATE
January 17, 2008

SIGNATURE OF ATTORNEY OF RECORD