BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC
ANDREW S. FRIEDMAN (to be admitted *pro hac vice*)
GARRETT W. WOTKYNS (to be admitted *pro hac vice*)
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: (602) 274-1100
Facsimile:  (602) 274-1199

CHAVEZ & GERTLER LLP
MARK A. CHAVEZ (Bar No. 90858)
NANCE F. BECKER (Bar No. 99292)
42 Miller Ave.
Mill Valley, CA 94941
Telephone: (415) 381-5599
Facsimile:  (415) 381-5572

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY B. LABRADOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No.: 3:08-cv-00321 MMC<br><br>CLASS ACTION<br><br>**ADMINISTRATIVE MOTION TO DETERMINE WHETHER CASES SHOULD BE RELATED** (Related Case No. C:08-cv-2270 SC<br><br>**Local Rules 3-12 and 7-11** |

---

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Pursuant to Northern District Local Rule 3-12, plaintiff Mary Labrador hereby gives notice that *Mary B. Labrador v. Bank of America, N.A.*, CV-08-0321 MMC (which was dismissed without prejudice on March 19, 2008) is or may be related to the pending action, *Mary B. Labrador v. Seattle Mortgage Company*, CV-08-2270-SC and asks the Court to rule upon that issue for the following reasons.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mary Labrador is a senior citizen residing in San Francisco, California. In August, 2006, Ms. Labrador entered into a "reverse mortgage" loan arranged through her mortgage broker, Home Center Mortgage.

The loan was "originated" (funded) by Reverse Mortgage of America, which was a subsidiary or division of Seattle Mortgage Company. According to its website, http://www.reversemortgageofamerica.com/about_reverse_mortgage.asp, "[a]s of June 29, 2007, Reverse Mortgage of America is now Bank of America, as Bank of America acquired the reverse mortgage business of Seattle Mortgage Company, including Reverse Mortgage of America."

On December 17, 2007, on the basis of her understanding (1) that Bank of America is the successor-in-interest to Reverse Mortgage of America ("RMA"), (2) that Bank of America had assumed the liabilities relating to the operations and reverse mortgage portfolio of RMA, and (3) the fact that Bank of America is now responsible for servicing plaintiff's loan, plaintiff filed a class action complaint against Bank of America in San Francisco Superior Court (case number CGC-07-470128). The complaint alleged that the Bank had assessed unlawful fees in connection with her reverse mortgage loan. As summarized in the introduction to that pleading:

> [U]nder the governing federal regulations, Defendant is barred from charging borrowers loan origination fees which are passed on to the loan broker in situations where there is a financial interest between the mortgage broker and the lender. In complete disregard of this rule, Defendant charges senior citizens who purchase reverse mortgages loan-related origination fees that are paid to brokers with whom Defendant has a financial interest. The existence of such a "financial interest" is apparent where, as here, the lender pays the broker both a "correspondent fee" *and* all or a portion of the "origination fee" charged to the borrower. Such origination fees are not charged to compensate Defendant for operating expenses, but to encourage

1

mortgage brokers to refer loan business to Defendant. This practice is both unlawful and unfair.

On the basis of those allegations, plaintiff alleged causes of action on behalf of herself and others similarly situated, for: (1) financial elder abuse (California Welf. & Inst. Code § 15657.5); (2) unlawful, deceptive and unfair business practices (California Bus. & Prof. Code § 17200); (3) violation of the Consumers Legal Remedies Act (California Civil Code § 1750 et seq.); (4) unjust enrichment and imposition of constructive trust; and (5) declaratory relief.

On January 17, 2008, Bank of America filed a Notice of Removal. The case was removed to this Court and assigned to Hon. Maxine Chesney, case no. CV-08-0321 MMC.

Based on information provided by Bank of America concerning its transactions with Seattle Mortgage and RMA, plaintiff subsequently agreed to dismiss her case against Bank of America, and she filed her Notice of Dismissal Without Prejudice on March 19, 2008. The same day, she filed the identical action against Seattle Mortgage Company ("SMC") in San Francisco Superior Court, case no. CGC-08-473475.

SMC removed the action to this Court on May 1, 2008, where it has been assigned to the Honorable Samuel Conti (Case No. CV-08-2270 SC). SMC is represented by the same attorney, at the same law firm, as was Bank of America.

II. ANALYSIS

Local Rule 3-12(a) states that an action is related to another when (1) "[t]he actions concern substantially the same parties, property, transactions or event" and (2) it appears likely that there would be a burdensome duplication of effort or conflicting results if the cases are conducted before different judges. Subsection (b) of the Rule requires a party who knows or learns that an action is or may be related to another action "which is or was pending in this District" to file an administrative motion to determine whether the cases should be related.

Plaintiff believes that the cases at issue here are indeed related, as both of the actions arise from the very same loan transaction arranged through RMA. Among the factors which support a related case order are the following:

- Plaintiff's second complaint arises from the identical facts as her first complaint. With the sole exception of the identity of the liable party, the factual allegations of the complaint are unchanged.
- Plaintiff's second complaint alleges the identical legal theories as her first complaint.
- Plaintiff's second complaint seeks the identical relief as her first complaint.
- SMC is represented by the same counsel (John Sullivan of Severson & Werson) who represented Bank of America when plaintiff initially filed suit. SMC is likely to use the results of its investigation into plaintiff's allegations against Bank of America in its defense of the claims now asserted against it.
- Bank of America may ultimately be joined as a defendant in this case. While the parties engaged in informal discovery concerning the relationship between Bank of America and SMC and Bank of America's potential liability, plaintiff's dismissal of Bank of America was without prejudice to her right to bring Bank of America back into the case if further investigation – or SMC's defense – indicates that such joinder would be appropriate. For example, pursuant to its acquisition of reverse mortgage-related assets from the SMC family of companies and its ongoing servicing of plaintiff's reverse mortgage loan, Bank of America may be earning ongoing profits flowing from the wrongful conduct that is the gravamen of plaintiff's complaint; plaintiff expects to explore that issue in discovery. In any case, because Ms. Labrador entered into only a single reverse mortgage loan transaction, any findings about the factual or legal basis for her claims would apply equally to both SMC and Bank of America.
- The legal issues presented by this case are of first impression in this judicial district. If plaintiff is successful, litigation against other reverse mortgage lending institutions with practices similar to those challenged here may well follow. It is in the interests of the parties and the Court to develop consistent procedures for administering and resolving such cases.

III. DEFENDANT'S POSITION

As set forth in the Declaration of plaintiff's counsel immediately below, plaintiff has conferred with defendant SMC about this issue, and SMC has declined to stipulate that the cases are related.

3
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

IV. CONCLUSION

For the above reasons, plaintiff respectfully submits that her action against Seattle Mortgage Company is related to her prior action against Bank of America and that the case should be related into that action and transferred back to the judge to the Honorable Judge Chesney.

Dated: May 29, 2008

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC

CHAVEZ & GERTLER LLP

By: /s/ Nance Becker
Nance F. Becker
Attorneys for Plaintiff

DECLARATION OF COUNSEL

I, Nance F. Becker, declare:

1. I am an attorney admitted to practice before this Court, a partner in the law firm Chavez & Gertler LLP, and one of the counsel of record for plaintiff Mary Labrador in this action. I have personal knowledge of the matters set forth below, and if called upon I could testify competently about them.

2. On May 20, 2008 I telephoned John Sullivan, an attorney at Severson & Werson who was lead counsel for Bank of America in action CV-08-0321 MMC and is also lead counsel for defendant Seattle Mortgage Company in action CV-08-2270 SC, to discuss this motion. I briefly explained why we believed that it was appropriate to notify the Court about the related nature of the actions and asked him whether he would stipulate to this motion. Mr. Sullivan stated that he would think about the matter and discuss it with his client.

3. On May 27, 2008 I received an email from Andrea Henningsen, another attorney at Severson & Werson who is working on this matter, stating that because the case against Bank of America had been dismissed shortly after filing, defendant did not agree that the cases are related within the meaning of the Local Rule and did not intend to so stipulate.

///

1     I declare under penalty of perjury under the laws of the United States that the foregoing
2 is true and correct, and was executed on May 29, 2008.

*/s/ Nance F. Becker*
Nance F. Becker

---
5
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED